8292. MARTIN, guardian, etc., *v.* MOORE, guardian, etc.

WADE, C. J. 1. This was a petition for certiorari to review a judgment of the court of ordinary, declining to remove the guardian of a minor child upon the alleged ground that another person (the plaintiff) had previously been appointed and had duly qualified as such guardian. The answer of the ordinary distinctly asserted that no record showing the previous appointment of the plaintiff as guardian, or her qualification under such appointment, was tendered in evidence on the trial of the issue before him. The jury found against the plaintiff's traverse to this part of the answer; and their finding was conclusive on the question of fact.

2. The court did not err in declining to give to the jury the lengthy requested charge submitted in writing. The fact that counsel representing the guardian resisting removal did not at the trial before the ordinary raise the point that the plaintiff had failed to show her appointment and qualification as guardian did not prevent the ordinary from rendering a judgment adverse to the plaintiff, on account of her failure to establish by proof necessary averments, nor did it thereafter estop the defendant from urging in the superior court, as a reason why the judgment of the ordinary was correct, the defendant's failure to carry successfully the burden of proof, by evidence in support of all essential allegations. The requested charge included an instruction to the contrary of this ruling, and besides was argumentative, and in fact would have amounted to a direction of a verdict on the issue raised by the traverse.

(*a*) It was not a question of latitude as to testimony not strictly ad-

missible but which might nevertheless be considered in the absence of objection, but there was a lack of the proof necessary to establish the plaintiff's case. The plaintiff in certiorari attacked the judgment of the ordinary as being contrary to the evidence, and the answer of the ordinary (sustained by the jury on the issue raised by a traverse) showed that at the trial there was a lack of proof to support any other judgment than that rendered. The judgment being right under the evidence, or on account of the lack of evidence, it is entirely immaterial whether counsel for the defendant failed to point out the deficiency at the trial or before the judgment was rendered; nor did their insistence on such deficiency when the certiorari reviewing the judgment was argued amount to the raising of a new point for the first time in a reviewing court.

3. The court did not err in overruling the certiorari.

Judgment affirmed. George and Luke, JJ., concur.

DECIDED JULY 23, 1917. REHEARING DENIED AUGUST 2, 1917.

Certiorari; from Emanuel superior court—Judge Hardeman. April 19, 1916.

*Twiggs & Gazan,* for plaintiff.

*Saffold & Jordan,. Walter F. Grey,* for defendant.